HINKLE, District Judge,
concurring:
I agree with the majority’s opinion on the sufficiency-of-the-evidence and suppression issues. On the issue arising under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), I agree with majority’s result and with the most important part of its holding: when a district judge erroneously sustains a Batson challenge and thus seats a juror who should not have been seated, the error is not automatically reversible. If the error is harmless, the verdict is valid.
The majority does not decide whether the district judge erroneously sustained the Batson challenge now at issue. The majority decides, without addressing the specifics of this case, that any error was harmless. I would not treat harmlessness as a foregone conclusion. Instead, I would affirm this conviction on a different ground. I would hold that, at least as shown by this record, the district judge did not err in sustaining the Batson challenge.
The defendant’s attorney engaged in a clear pattern of peremptorily striking jurors based on race or ethnicity. The goal apparently was to seat as many African American jurors as possible. Conforming to the pattern, the attorney announced a peremptory strike of the white juror now at issue. In response to the Batson challenge, the attorney parceled out several legitimate, nondiscriminatory reasons for striking the juror. But it is not at all clear that the proffered reasons were the real reasons for the strike.
The first two proffered reasons were the juror’s military service — he was an officer in the Air Force Reserves — and that the juror was a crime victim. When the judge inquired further, the attorney quickly withdrew his reliance on military service, seemingly acknowledging that that was not a real reason for the strike. That the juror was a crime victim also did not explain the strike. Other jurors (in seats 1, 4, 6, and 8) also were crime victims. Those crime victims were not white and were not peremptorily struck. So race or ethnicity could explain the different treatment, while being a crime victim could not.
After reviewing his notes, the attorney added another reason: the juror had fami *1238 ly members in law enforcement. That was not true. The juror did have a brother who was a firefighter and an uncle in the Navy. But the attorney had withdrawn his reliance on military service. And the attorney did not strike another juror with three sons who served in the military, at least one of whom was still active. Three sons probably count for more than one uncle. The juror with the three sons was also a crime victim.
The defendant argues with considerable force that there were good grounds to peremptorily strike the juror now at issue. The juror was robbed at gunpoint. One of the charges against the defendant was possessing a gun in furtherance of a drug crime. Even if the other proffered reasons were pretextual, one valid reason is enough. Had the attorney cited this as the reason — or even a reason — for the peremptory strike, the district judge might well have upheld it. But the attorney said only that the juror was a crime victim, not that the juror had been robbed at gunpoint, and the attorney offered other, probably pretextual, explanations. A district judge presiding over a jury selection cannot reasonably be expected to remember every juror’s answer to every question. An attorney who relies on a fact in opposition to a Batson challenge should explicitly cite it.
The defendant also notes that the district judge did not explicitly make the critical findings — that the proffered reasons were pretextual and the real reason for the peremptory strike was race. But the judge obviously made these findings, implicitly if not explicitly. The judge had accurately described the governing law earlier in the process; he overruled a number of Batson challenges; and he explicitly sustained this one.
A district judge should explicitly make the required findings and should explain them to the extent necessary to facilitate appellate review. But it is entirely understandable — indeed, commendable — that this judge did not take the time to offer a lengthy explanation on the spot. The judge and attorneys were at sidebar, with a room full of jurors waiting for the selection process to continue. Wasting jurors’ time is inconsistent with good jury-trial management; jurors whose time is respected tend to buy into the process more completely, pay attention more closely, and return more reliable verdicts. Many district judges defer explanations of significant length to a recess or lunch break or the end of a trial day, thus avoiding a waste of juror time. And if a judge in the midst of managing a trial fails to return to a Batson issue to make explicit findings or give a full explanation, it is the responsibility of the challenger — the party who will raise the issue on appeal — to get the relevant facts into the record and ask for any necessary explanation. When the party does not do so, we should give the judge the benefit of the doubt, so long as the record provides reasonable support for the judge’s decision.
Based on this record, a district judge could reasonably find that the proffered reasons for striking this juror were pretex-tual and that the only real reason for the strike was race. This district judge so found. The finding was not clearly erroneous. I would uphold the decision.
The majority does not address this issue. Instead, the majority concludes, without addressing the specifics of this case, that any error was harmless. If the majority means to suggest that if a juror cannot properly be struck for cause, seating the juror will always be harmless, I disagree. Harmless-error review is not no review.
Indeed, if the real reason for the peremptory strike was that this juror was *1239 robbed at gunpoint, and if the district judge erred in ruling otherwise, then I am not at all certain that the error was harmless. Jury selection matters. Peremptory strikes exist for a reason. The Supreme Court has properly held that the Constitution does not require a state to grant a new trial when a Batson challenge is improperly sustained, at least in the absence of bad faith. See Rivera v. Illinois, 556 U.S. 148, 157-58, 129 S.Ct. 1446, 173 L.Ed.2d 320 (2009). But we impose many standards in federal criminal trials and on appellate review of federal convictions that are not mandated by the Constitution. Unless we equate harmless-error review with no review, I do not believe the erroneous grant of a Batson challenge should always be deemed harmless. I would not put such decisions, even when made in good faith, beyond meaningful appellate review.